# In the United States Court of Federal Claims

TEMETRIUS DEONTE RICHARDSON,

        *Plaintiff,*

v.

THE UNITED STATES,

        *Defendant.*

No. 23-2080
(Filed: April 8, 2024)

## OPINION AND ORDER

Temetrius Deonte Richardson, pro se, Atlanta, GA

Elinor J. Kim, Civil Division, Department of Justice, Washington, DC

## I.    Background

Plaintiff, Temetrius Deonte Richardson,[1] proceeding without counsel, filed a complaint alleging that he is owed distributions from securities held by the government, that the government has breached its fiduciary duty to him, and that the government breached a contract created with him under 31 C.F.R. § 363.27(b)(4), 12 U.S.C. §§ 411, 412, and 18 U.S.C. § 8. ECF No. 1 at 9-12. The relief Mr. Richardson requests includes that the court "[g]rant judgment in favor of Plaintiff directing TreasuryDirect to re-open his primary account," "[g]rant judgment giving Plaintiff a new identity and account which generates interest for Plaintiff," and "grant judgment in favor of Plaintiff's removing the felony conviction." ECF No. 1 at 15-16. In response, the government filed a motion to dismiss under Rule 12(b)(1) of the Rules of the Court of Federal Claims (RCFC) for lack of subject matter jurisdiction. ECF No. 10.

Because Mr. Richardson fails to identify a money-mandating source of law, and the court does not see one, the court lacks subject-matter jurisdiction over Mr. Richardson's claims. Thus, this court **dismisses** Mr. Richardson's complaint.

## II.    Discussion

On a motion to dismiss under RCFC 12(b)(1), "a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the

---

[1] Mr. Richardson refers to himself as richardson: temetrius-deonte as well as including references to TEMETRIUS DEONTE RICHARDSON SSN xxxx-xx-1882. ECF No. 1 at 5 [¶4.4]. For convenience, the court will refer to the plaintiff as Mr. Richardson.

plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011). If, at any time, the court determines that it lacks subject-matter jurisdiction over the action, it must dismiss the case. RCFC 12(b)(1), (h)(3); *see Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004) ("Subject-matter jurisdiction may be challenged at any time by the parties or by the court *sua sponte*."); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." (marks omitted)).

A "plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence." *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014). Pro se plaintiff pleadings are held to a less stringent standard than those of a litigant represented by counsel. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (stating that pro se complaints "however inartfully pleaded are held to less stringent standards than formal pleadings drafted by lawyers" (marks omitted)). The court therefore has discretion to examine the pleadings and record "to see if [a pro se] plaintiff has a cause of action somewhere displayed." *Ruderer v. United States*, 188 Ct. Cl. 456, 468 (1969). Nonetheless pro se plaintiffs still have the burden to meet the preponderance-of-the-evidence standard. *See Landreth v. United States*, 797 F. App'x 521, 523 (Fed. Cir. 2020) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)).

This court's jurisdiction is primarily defined by the Tucker Act, which provides the court with exclusive jurisdiction to decide specific types of monetary claims against the United States. 28 U.S.C. § 1491(a)(1); *see also Kanemoto v. Reno*, 41 F.3d 641, 644 (Fed. Cir. 1994). The Tucker Act provides this court with jurisdiction to decide "actions pursuant to contracts with the United States, actions to recover illegal exactions of money by the United States, and actions brought pursuant to money-mandating statutes, regulations, executive orders, or constitutional provisions." *Roth v. United States*, 378 F.3d 1371, 1384 (Fed. Cir. 2004). "[B]ecause the Tucker Act itself does not create a substantive cause of action, in order to come within the jurisdictional reach and the waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin.*, 525 F.3d 1299, 1306 (Fed. Cir. 2008) (marks omitted).

### A.      This court does not have jurisdiction over the subject matter of Mr. Richardson's claims

The government argues that Mr. Richardson has not identified a money-mandating statute that would give this court jurisdiction over his claims. ECF No. 10 at 7-9. Mr. Richardson states that his suit "is not founded upon the Tucker Act to waive any alleged sovereign immunity of the United States." ECF No. 11 at 4 [¶12]. He argues that his complaint need not "identify money-mandating statutes or regulations, as such statutes are devoid of equity, and are based solely at law." ECF No. 11 at 6 [¶21].

Plaintiffs before this court bear the burden of "identify[ing] a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005). A "statute is money-mandating only if it 'can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.'" *Szuggar v. United States*, 145 Fed. Cl. 331, 335 (2019) (quoting *United States v. Mitchell*, 463 U.S. 206, 217 (1983)). Mr.

Richardson cites various laws and regulations in his response: 28 U.S.C. § 1331 (granting jurisdiction to district courts over civil actions); 31 C.F.R. 363.27 (governing procedures for managing a minor's account); 12 U.S.C. § 411 (imposing a duty on the Treasury Department and Federal Reserve to redeem cash for lawful money); 12 U.S.C. § 412 (allowing Federal Reserve banks to apply for Federal Reserve notes); 18 U.S.C. § 8 (defining the term "obligation or other security"); 31 C.F.R. § 363.10 (describing what a TreasuryDirect account is). None of these statutes or regulations are money-mandating.

Mr. Richardson states that his "suit is cognizable in equity only." ECF No. 11 at 2. But this court does not have general equity jurisdiction. *Roth v. United States*, 378 F.3d 1371, 1384 (Fed. Cir. 2004). This court can only award equitable relief "incident of and collateral to" a money judgment. 28 U.S.C. 1491(a)(2). Mr. Richardson states that he "is not seeking money damages against the United States, since Plaintiff's claims are founded upon equity." ECF No. 11 at 4 [¶12]. Thus, this court does not have jurisdiction over Mr. Richardson's claims for equitable relief, such as a new identity, declaration of death, or expungement of a felony conviction. ECF No. 1 at 14-17. This court likewise does not have jurisdiction over tort claims, such as an allegation that the government breached a fiduciary duty (*id*. at 9-11). 28 U.S.C. § 1491(a)(1); *Ammon v. United States*, 142 Fed. Cl. 210, 219 (2019).

Mr. Richardson denies the government's allegation that his complaint is based on a "sovereign citizen" theory. ECF No. 11 at 5-6 ("Plaintiff maintains that he is not associated with any terrorist organization, including but not limited to 'sovereign citizen movement.'"). This court therefore does not address the government's arguments about sovereign citizens. ECF No. 10 at 4-7.

Mr. Richardson has not identified a money-mandating statute or any other ground on which this court has subject-matter jurisdiction. The court cannot discern one either. Because the court does not have jurisdiction, it must dismiss Mr. Richardson's complaint.

## III.   Conclusion

Mr. Richardson moved for reconsideration of the court's order requiring him to pay the fee to file suit in this court. ECF No. 9. Along with his motion, Mr. Richardson paid the filing fee. The court therefore treats Mr. Richardson's motion as one for an extension of time to pay the fee. The court **grants** that motion, ECF No. 9. The court has accepted Mr. Richardson's filing fee and addressed his suit. For the reasons given above, this court **grants** the government's motion to dismiss, ECF No. 10, and **dismisses** Mr. Richardson's complaint. The Clerk of the Court shall enter judgment accordingly.

**IT IS SO ORDERED.**

 s/ Molly R. Silfen
MOLLY R. SILFEN
Judge

3