# In the United States Court of Federal Claims

| | |
|---|---|
| TEMETRIUS DEONTE RICHARDSON,<br><br>                        *Plaintiff,*<br><br>  v.<br><br>THE UNITED STATES,<br><br>                        *Defendant.* | No. 23-2080 C<br><br>(Filed: May 16, 2024) |

Temetrius Deonte Richardson, pro se, Atlanta, GA

Elinor J. Kim, Civil Division, United States Department of Justice, Washington, DC.

**OPINION AND ORDER**
**Denying Plaintiff's Motion for Reconsideration of the Court's Judgment**

**SILFEN,** *Judge.*

On April 8, 2024, the court issued a decision granting the government's motion to dismiss this case for lack of subject-matter jurisdiction because the complaint did not identify, and the court could not find, a money-mandating statute that would provide the court with the authority to hear his case. ECF No. 13. In response, Mr. Richardson filed a petition for default judgment and a motion for a hearing in chambers on the petition for default judgment. ECF No. 17. Because the court has already dismissed the case, the court treats Mr. Richardson's motion as a motion for reconsideration, timely filed under rule 59(b)(1). In his motion, Mr. Richardson requests the court enter default judgment against the government for failing to answer "Plaintiff's Bill in Equity." ECF No. 17 at 1. Mr. Richardson's motion does not show the extraordinary circumstances that would warrant relief and, thus, this court denies the motion for reconsideration.

**I.  Discussion**

The standard for granting a motion for reconsideration of a final judgment is high. A movant must show "extraordinary circumstances to justify relief." *Crews v. United States*, 424 Fed. Appx. 937, 940 (Fed. Cir. 2011); *see also Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988). The three most common bases for revising a judgment are: "(1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Del. Valley Floral Groups, Inc. v. Shaw Rose Nets, LLC*, 597 F.3d 1374, 1383 (Fed. Cir. 2010) (quotation marks omitted). Reconsideration based on a need to correct clear error or prevent manifest injustice is appropriate only "where the Court has patently misunderstood a party or has made a decision outside of the adversarial issues presented to the Court by the parties, or has made an error not of reasoning, but of apprehension." *Id.* at 1384

(internal citations and quotation marks omitted). When a party asks the court to correct a clear error, the party cannot prevail "unless it demonstrates that any injustice is apparent to the point of being almost indisputable." *Griffin v. United States*, 96 Fed. Cl. 1, 7 (2010) (quotation marks omitted).

On December 5, 2023, Mr. Richardson filed his complaint. ECF No. 1. Two months later, instead of filing an answer to the complaint, the government moved to dismiss under rule 12(b)(1) of the Rules of the Court of Federal Claims (RCFC) for lack of subject-matter jurisdiction. ECF No. 10. Mr. Richardson responded to that motion. ECF No. 11. The court held that it lacked subject-matter jurisdiction and granted the government's motion to dismiss. ECF No. 13.

In his motion for reconsideration, Mr. Richardson asserts that he is entitled to entry of default judgment. He argues that because the government did not file an answer—moving to dismiss instead—the government's response to his complaint fails to comply with RCFC 8(b)(1)(B) and "therefore confesses to each and every one of Plaintiff's allegations." ECF No. 17 at 2-4.

Mr. Richardson's motion stems from confusion about the court's rules. Under rule 12, after a plaintiff files a complaint, the government must file an answer within 60 days of being served with the complaint. RCFC 12(a)(1)(A). That answer is a responsive pleading and must "state in short and plain terms its defenses to each claim asserted against it; and admit or deny the allegations asserted against it by an opposing party." RCFC 8(b)(1)(A). But instead of filing an answer, the government may, by the same deadline, file a motion to dismiss under rule 12. Rule 12 states that a motion asserting any of the listed defenses "must be made *before* pleading if a responsive pleading is allowed." RCFC 12(b) (emphasis added). If the government chooses to file a motion to dismiss under rule 12(b), and the court denies the motion, the government will then have to file an answer by the later of "14 days after notice of the court's action or … the date the response otherwise would have been due." RCFC 12(4)(A).

After being served with Mr. Richardson's complaint, the government filed, by the deadline, a motion to dismiss under rule 12(b), delaying the need to file an answer to Mr. Richardson's complaint under rule 8. Because the court granted the motion to dismiss, the complaint was dismissed, and the government did not need to file an answer. The government therefore acted properly and complied with the rules.

## II. Conclusion

For the reasons stated above, this court **denies** Mr. Richardson's motion for reconsideration. The court also **denies** Mr. Richardson's request for oral argument.

**IT IS SO ORDERED.**

       s/ Molly R. Silfen
       MOLLY R. SILFEN
       Judge